UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N° 07-CV-1918 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 27 2009 ★

LONG ISLAND OFFICE

JOSEPH COLLINS,

Petitioner,

VERSUS

DENNIS BRESLIN,

Respondent.

**MEMORANDUM AND ORDER**
April 27, 2009

JOSEPH F. BIANCO, District Judge:

Joseph Collins (hereinafter, "Collins" or "petitioner") petitions this Court for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254 ("Section 2254"), challenging his 1999 conviction in state court. In particular, following his guilty plea to robbery in the first degree and unauthorized use of a vehicle, he was sentenced in the County Court, Nassau County, as a second violent felony offender, to concurrent terms of imprisonment, the longer of which was a determinate term of fourteen years. In his petition, Collins appears to argue that he is entitled to relief because of "*Rosario/Brady*" violations and because his sentence was illegal.

On June 14, 2007, the respondent filed a motion to dismiss the petition as time-barred. By letter filed on June 25, 2007, petitioner submitted a response to that motion. By letter dated January 13, 2009, the respondent advised the Court that petitioner had appeared in New York State Supreme Court, with counsel, in connection with his motion for re-sentencing in the above-referenced case. At the re-sentencing, in return for the People's consent to the relief requested in his motion, Collins agreed to withdraw the instant petition for *habeas* relief now pending before this Court. Respondent also enclosed a transcript of the proceedings before the Supreme Court. On January 16, 2009, the Court issued an Order directing petitioner to confirm in writing by February 2, 2009 whether he intended to withdraw his pending petition as he indicated on the record in state court. Petitioner failed to respond to the Court's Order. The Court, in an abundance

of caution, issued a second Order to which petitioner responded by refusing to withdraw his petition. As set forth below, the petition is dismissed both because of defendant's agreement in state court to withdraw the petition and, in any event, because it is clearly time-barred.

## I. WAIVER

As a threshold matter, petitioner at the December 19, 2008 re-sentencing in Supreme Court of the State of New York, clearly agreed on the record that he was consenting to withdraw the instant petition as part of an agreed-upon disposition regarding his re-sentencing:

> [Defense counsel]: Yes, Judge. Firstly, I believe we have a disposition. On that basis, the defendant would state to the Court on the record that the pending matter he has before the Federal Court dealing with a habeas corpus motion, he has consented to have that withdrawn. Is that correct?
>
> THE DEFENDANT: Yes.
>
> [Defense counsel]: The defendant is aware the minutes will be ordered by the People for the purposes of fulfilling that order for the Federal Court. I believe the People have a disposition that is favorable to the defendant and they are willing to make an application to the Court on the defendant's sentence.

(Transcript of December 19, 2008 Re-Sentencing, at 2-3.) Based upon this Court's review of the transcript, it is clear that this agreement to the withdrawal of this petition, entered into before the state court with the assistance of counsel, was knowing and voluntary. *See Garcia-Santos v. United States*, 273 F.3d 506, (2d Cir. 2001) (discussing facts that supported finding that petitioner knowingly and voluntarily waived right to appeal and petition under Section 2255); *see also Whelan v. United States*, No. 05 Civ. 923, 2007 WL 2262516, at *1-*2 (E.D.N.Y. Aug.3, 2007); *Santana v. United States*, No. 04 Civ. 1111 (SAS), 2005 WL 180932, at *4 (S.D.N.Y. Jan. 26, 2005). In particular, although petitioner claims in a conclusory statement to this Court that he did not understand he was giving up his right to proceed with this *habeas* petition in exchange for the prosecution agreeing to a re-sentence that resulted in his period of incarceration being lowered from 14 years to 13 years (*See* Petitioner's Letter to the Court, dated April 10, 2009), that assertion is completely undermined by the re-sentencing transcript. In addition to the exchange outlined above in which defendant confirms that understanding, there are other references by the prosecutor to the withdrawal of the *habeas* petition. In fact, at the conclusion of the re-sentencing, defendant confirmed that he was going to file a one-sentence letter withdrawing his *habeas* petition in this Court. (*See* Transcript, at 7 ("Q. [Prosecutor]: I would ask the defendant if he can write a one-sentence letter saying that he withdraws the habeas. A. THE DEFENDANT: Yes.").) There is no indication that petitioner appealed that re-sentence, and there is no claim of ineffective assistance of counsel in connection with that re-sentencing, or any claims at all related to the re-sentencing. Accordingly, this petition

2

could be dismissed on the basis of that knowing and voluntary waiver at the re-sentencing alone. In any event, as set forth below, the Court finds in the alternative that the petition is clearly time-barred.

II. TIME-BARRED

To the extent that petitioner is continuing to assert the claims in his petition to this Court challenging his conviction, his petition is time-barred. In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A). On January 17, 2002, the New York State Court of Appeals denied petitioner's application for leave to appeal. Pursuant to Supreme Court Rule 13(1), the time for petitioner to seek review in the United States Supreme Court expired ninety days later. See Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction bec[omes] final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[s].'") (quoting Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998) (alterations in original)). Accordingly, petitioner's conviction became final and the one-year limitations period began to run on April 17, 2002.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the time during which a petitioner filed writs of *coram nobis*, or other post-conviction applications to the state court, is not counted for statute of limitations purposes and, thus, tolls the clock. *See* 28 U.S.C. § 2244(d)(2). In the instant case, at the time petitioner's conviction became final, petitioner was already moving to vacate his conviction on various grounds. Therefore, the one-year limitations period was tolled from the date his conviction became final until those motions were decided. *See, e.g., Sullivan v. New York State Dep't of Corr. Svcs.*, No. 07 Civ. 7177 (SHS) (FM), 2008 WL 4493602, at *5 (S.D.N.Y. Aug. 14, 2008) (tolling AEDPA limitations period where motion for collateral relief was pending when conviction became final); *Ramos v. Walker*, 88 F. Supp. 2d 233, 236 (S.D.N.Y. 2000) (holding that "the Section 2244(d)(2) toll ends as soon as the applicant's post-conviction proceeding no longer is pending in the state courts without regard to the possible availability of a writ of certiorari from the Supreme Court."). Those three collateral post-judgment motions were decided by December 19, 2003, when the County Court, Nassau County denied defendant's third post-judgment motion to set aside his sentence, and notice of entry was sent to defendant on December 31, 2003. Defendant did not seek permission to appeal from the denial of his motion. More than two years elapsed, during which time petitioner did not file his federal *habeas* petition and took no further action in state court. Thus, by the time he filed his fourth post-judgment motion in state court, dated February 23, 2006, to have his sentence set aside, his one-year limitations period had already expired and, thus, any purported tolling period for that collateral state court motion is irrelevant because the one-year period had already passed.[1] *See, e.g., Perez*

---

[1] The Court notes that "[i]t is well-settled that post conviction or other collateral review does not start the one year statute of limitations to run anew." *Stokes v. Miller*, 216 F. Supp. 2d 169, 172 n.3 (S.D.N.Y. 2000) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000)); *see also Doyle v. Yelich*, No. 05 Civ. 2750 (JG), 2005

*v. Bennett*, No. 99 Civ. 2475 (SAS), 1999 WL 553782, at *2 (S.D.N.Y. July 29, 1999) ("From April 24, 1996 until March 1998, however, petitioner did not take any action in the state or federal courts. Thus, by the time that petitioner filed his second Rule 440 motion in or around March 1998, he was already time barred . . . from filing any § 2254 petition.") (citation omitted). Thus, when petitioner submitted his *habeas* petition to this Court on May 3, 2007, the statute of limitations had already expired.

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d at 17; *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 37 (2d Cir. 2002).

In the instant case, petitioner has put forth no explanation for his failure to file a *habeas corpus* petition within one year. As noted *supra*, the statute of limitations had already expired when his fourth post-judgment was filed in February 2006, and petitioner has failed to provide any

---

WL 2475727, at *1 (E.D.N.Y. Oct. 7, 2005) ("Properly filed applications for state post-conviction relief toll the limitations period, but they do not reset the portion of the limitations period that has already run.").

explanation as to why he did not file his fourth motion to vacate for over two years after his third post-judgment motion was denied and his clock began to run, or why he did not file a *habeas* petition during that period. In short, petitioner has offered no basis for equitable tolling, and the Court is unaware of any such basis, having reviewed all of the submissions. Thus, the Court finds that no basis for equitable tolling exists in this case.

### III. CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is dismissed because (1) the petitioner knowingly and voluntarily agreed to withdraw the petition, and (2) the petition is time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ JOSEPH F. BIANCO
United States District Judge

Dated: April 27, 2009
Central Islip, NY

\* \* \*

Petitioner appears *pro se*. The attorney for the respondent is Judith R. Sternberg, Assistant District Attorney, Office of the District Attorney, Nassau County, 262 Old Country Road, Mineola, New York 11510.